**ALTON RAINBOW CORPORATION, et al., Plaintiffs,**

v.

**AMERICAN SOCIETY OF COMPOSERS, etc., et al., Defendants.**

**No. 78 Civ. 0352 (WK).**

United States District Court,
S.D. New York.

May 31, 1983.

Norman Bie, Jr., Largo, Fla., Percy Sutton, New York City, for plaintiffs.

Richard H. Reimer, American Society of Composers, Authors & Publishers, Paul, Weiss, Rifkind, Wharton & Garrison by Allan Blumstein, New York City, for ASCAP defendants and all ASCAP parties.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Defendants in several actions brought in various jurisdictions by the American Society of Composers, Artists and Publishers (ASCAP) filed counterclaims against AS-CAP which were transferred to this jurisdiction and which we accepted as related to the above-titled class action. After the actions had been consolidated by our Order of Consolidation of April 8, 1983 and our Amended Order of April 14, 1983, the counterclaimants dismissed four of these counterclaims without prejudice under Federal Rule of Civil Procedure 41(a)(1), no answer

to them having been filed. Defendants now assert that such dismissal was improper. They argue that since dismissal under this Rule is subject to the provisions of Federal Rule of Civil Procedure 23(e), these provisions—namely, that a class action may not be dismissed or settled without the approval of the Court—apply to the counterclaims, which, while not themselves class actions, were consolidated into one. Defendants urge that we should not approve dismissal without prejudice, since this would enable the plaintiff to re-file the counterclaims in the districts from which they were transferred over its objection, and thereby to prolong this already extensive litigation.

We have been cited to no authority for this proposition and it is, as far as we know, a question of first impression. While we sympathize with the defendants' concerns, we find that their legal contentions are without basis. The purposes which underlie Rule 23(e) indicate that this Rule is inapplicable to, and should not be invoked in, the case before us. Rule 23(e) is not, as defendants would argue, intended to protect defendants. Rather, it requires Court scrutiny in order to insure that a dismissal of a class action as to the named plaintiff or plaintiffs not prejudice the other class members who would be bound by it. Here, however, no such prejudice could possibly exist. Since the counterclaims are not themselves class actions, any determination made as to them will affect no one other than the claimants in those particular actions. This fact is in no way altered because one of the counterclaimants is also a named party in a class action; while the two claims are certainly related, dismissal of the counterclaim will in no way affect the issues to be presented in the trial of the class action, nor will the members of the plaintiff class be in any way prejudiced.

We therefore see no reason why the provisions of Rule 23(e) should be applied to the dismissals of the counterclaims. We find that plaintiff's dismissals were appropriately brought under Rule 41(a)(1), without requiring our consent. The four counterclaims—*Hampshire House Publishing Corp., et al. v. Roberts Broadcasting Group, Inc., et ano; Special Rider Music, et al. v. Roberts Broadcasting Group, et al.; William J. Gaither, et al. v. Pilgrim Broadcasting Company, et al.;* and *Home Sweet Home Music, et al. v. Roberts Broadcasting Group, Inc., et al.*—are accordingly dismissed without prejudice.

SO ORDERED.